Union Trust Co.
vs.
George Upper, Adm'r.
et als.
} Equity No. 11201.

## DECISION.

February 17, 1933.

WALSH, J. Heard on bill, answer and proof.

On April 22nd, 1927, one Louise M. Rathbun (Upper) gave her note for six thousand dollars, payable to William J. Bowen or order and endorsed in blank by William J. Bowen and his wife, Emma S. Bowen, both of whom are now dead, to the Union Trust Company for a loan of six thousand dollars. The following day she gave a mortgage of real estate to Emma S. and William J. Bowen conditioned as follows:

"* * * as collateral security to said mortgagees, their heirs, administrators and assigns against liability and payment by them to said bank arising by virtue of their endorsement of said promissory note or any renewals thereof during the life of this mortgage. In the event that said promissory note at said Union Trust Co., East Greenwich, and any renewals thereof shall be paid according to the tenor thereof by or on behalf of said Louise M. Rathbun, this mortgage shall be null and void; otherwise in full force and effect to secure reimbursement to them for any payments made on account of their liability as endorsers of said note or renewals thereof as aforesaid."

A renewal note is outstanding, due, payable and unpaid. Louise M. Rathbun Upper, Emma S. and William J. Bowen are all dead. Sufficient demand

and notice has been made by the Union Trust Co. to fix the liability of the endorsers. The estate of Louise Rathbun Upper is insolvent, the estate of William J. Bowen is probably insolvent and the condition of the estate of Emma S. Bowen does not appear. The present outstanding obligation on the note, including interest accrued to January 24, 1933, and giving due credit for a payment made on account of the note, is $6,192.76. The mortgage in question is in the hands of Amos F. Chase, Executor. The claim of the bank against the estate of Emma S. Bowen was duly filed and disallowed and an action at law thereon is pending in the Superior Court for the County of Providence.

It appeared from the testimony of Mr. Allen, manager of the Union Trust Company branch bank in East Greenwich, that the mortgage was not a part of the consideration for the loan made to Louise Rathbun and that its execution was not at their instance but was entirely at the suggestion of Mr. and Mrs. Bowen and for their sole protection. The bill of complaint herein was brought against Amos F. Chase, Executor under the will of Emma S. Bowen and other respondents, to obtain an assignment to the bank of the mortgage and to have a decree permitting the bank to foreclose the mortgage. The bill does not allege nor did the testimony show that the estate of Emma S. Bowen was insolvent.

The facts are undisputed. The whole question for determination is the question of law, whether a creditor is entitled in equity to an assignment of security given to an endorser for his personal indemnity where the endorser is not shown to be insolvent.

There is no concrete evidence before us that the estate of Emma S. Bowen is not financially able to pay this note if judgment should be obtained after proceedings in the Superior Court now pending are terminated. Neither is there such evidence that the estate

shall be able to pay under the same circumstances.

It would seem that until the surety's insolvency, he would be primarily entitled to control the security because until insolvency occurs, the presumption is that he will pay the debt. To enforce the equity of the creditor and to give it its vitality, the solvency of the surety is an indispensable element.

Jones on Collateral Securities (3rd ed.) 631.

It would seem to be equally true that if the mortgage be in the hands of the surety for his indemnity, the creditor may, if he has no other remedy, compel its application to the payment of the debt.

No cases in Rhode Island bearing upon this question have been called to our attention. There is substantial authority in Connecticut holding that the burden is upon the creditor to show that the surety is insolvent and that the creditor has no other means of collecting his debt before equity will compel the transfer of the security to the creditor.

14 American Law Review, 839, 855;

*Andreas* vs. *Hubbard*, 50 Conn. 531.

Massachusetts seems to have taken a more liberal attitude in cases of this kind. In *Eastman* v., *Foster*, 8 Metc. (Mass.) 19, relief was granted to complainant in a case similar to the one before us. The same rule was followed in *Franklin County National Bank* vs. *First National Bank*, 138 Mass. 515.

Louise M. Upper, the maker of the note, died January 2, 1930. On March 27, 1930, George T. Upper was appointed administrator of her estate. On April 19, 1930, the claim of the Union Trust Company in the matter now before us was filed with the Clerk of the Probate Court. There has been no inventory filed. The claim has not been disallowed. The estate has never been represented as insolvent.

William J. Bowen, one of the endorsers on the note, died March 26, 1930. His will, naming Robert E. Quinn, Esq., as executor, was probated April 24, 1930. An inventory showing personal estate of $1,737.74 was filed with the Clerk of the Probate Court. The claim of the Union Trust Company on this note in the sum of $6,000 plus interest was duly filed with the Clerk of the Probate Court. This claim has never been disallowed by the executor and the estate has never been declared insolvent.

Emma S. Bowen, the other endorser on the note in question, died July 5, 1930. Her will, appointing Amos Chase executor, was finally admitted to probate. The claim of the Union Trust Company on this note in the same amount was filed out of time against her estate in the Probate Court. The claim was disallowed by the executor and suit thereon is now pending in the Superior Court. No inventory has been filed in the estate of Emma S. Bowen. The estate has never been represented as insolvent.

Equity will not grant relief where there is a full, adequate and complete remedy at law. There can be no question that the mortgage and mortgage note in this case were given to the endorsers by the maker of this note to indemnify and save harmless the endorsers in case they became liable to pay said note and did pay the whole or part of the moneys due thereon.

The evidence in this case, that the estate of the maker of the note is insolvent, that the estate of one endorser, William J. Bowen, on the face of the records in the Probate Court is insolvent and that the estate of the other endorser, Emma S. Bowen, although no inventory has ever been filed therein, is contesting the payment of this debt, leads us to the conclusion that the creditor should be given the benefit and protection of the security deposited with the endorsers by the maker for the payment of the debt owed to this creditor. We think, therefore, that the bill and proof show sufficient grounds for the intervention of equity and the prayer of the complainant is granted.

For complainant: Gardner, Moss & Haslam.

For respondents: W. S. and E. W. Flynn; Quinn, Kernan & Quinn; Grim, Littlefield & Eden.